UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

CHARLOTTE E. NICHOLAS,

    Plaintiff,

v.

CAPITAL MANAGEMENT SERVICES L.P.,
and JOHN DOE 1 and 2,

    Defendants.

_____/

# COMPLAINT
# JURY DEMAND

1.    Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331. *Mims v. Arrow Fin. Servs. LLC,* 132 S. Ct. 740 (2012). Venue in this District is proper because Plaintiff resides here and Defendant, CAPITAL MANAGEMENT SERVICES, L.P., placed telephone calls into this District on behalf of Defendants, JOHN DOES 1-2.

## PARTIES

3. Plaintiff, CHARLOTTE E. NICHOLAS, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, CAPITAL MANAGEMENT SERVICES L.P., ("CAPITAL MANAGEMENT") is a limited partnership and citizen of the State of New York with its principal place of business at 698 1/2 South Ogden Street, Buffalo, New York 14206.

5. Defendants, JOHN DOES 1-2, are the creditors on whose behalf, CAPITAL MANAGEMENT, was attempting to collect an alleged debt. Plaintiff is presently unaware of the name of these individual, will obtain them through discovery and amend her complaint accordingly.

6. Because JOHN DOES 1-2 are the creditor on whose behalf CAPITAL MANAGEMENT placed the calls, they are jointly and severally liable to Plaintiff with respect to the alleged violations of the TCPA. The Federal Communications Commission has held: "Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." FCC, IN THE MATTER OF RULES AND REGULATIONS IMPLEMENTING THE TELEPHONE CONSUMER PROTECTION ACT OF 1991: REQUEST OF ACA INTERNATIONAL FOR CLARIFICATION AND DECLARATORY RULING, 07-232, ¶10, (2007), ("FCC RUL. 07-232").

## FACTUAL ALLEGATIONS

7. On or about May 7, 2010, Defendant, CAPITAL MANAGEMENT, or other acting at its request, on behalf of JOHN DOES 1-2, left a pre-recorded message on Plaintiff's voice mail on her cellular telephone.

8. Defendant, CAPITAL MANAGEMENT, or other acting at its request, on behalf of JOHN DOES 1-2, left other messages on Plaintiff's cellular telephone using an automatic telephone dialing system or a pre-recorded or artificial voice.

9. None of Defendants telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

10. Defendants willfully or knowingly violated the TCPA.

## COUNT I
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

11. Plaintiff incorporates Paragraphs 1 through 10.

12. Defendant, CAPITAL MANAGEMENT, or other acting at its request, on behalf of JOHN DOES 1-2, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants, CAPITAL MANAGEMENT SERVICES, L.P. and JOHN DOES 1-2, for:

    a. Damages;

    b.    a declaration that Defendants calls violate the TCPA;

    c.    a permanent injunction prohibiting Defendants from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre-recorded or artificial voice; and

    d.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

> DONALD A. YARBROUGH, ESQ.
> Attorney for Plaintiff
> Post Office Box 11842
> Ft. Lauderdale, FL 33339
> Telephone: 954-537-2000
> Facsimile: 954-566-2235
> don@donyarbrough.com
>
> By: s/ Donald A. Yarbrough
>     Donald A. Yarbrough, Esq.
>     Florida Bar No. 0158658